IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-152-D
No. 5:20-CV-280-D

| | |
|---|---|
| STEVEN RAY DENTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 18, 2020, Steven Ray Denton ("Denton" or "petitioner"), represented by counsel, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [D.E. 50] and filed a memorandum in support [D.E. 51]. On July 21, 2020, the court stayed the action pending additional appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 56]. On July 27, 2021, after the Supreme Court reversed Gary in Greer v. United States, 141 S. Ct. 2090, 2097–98 (2021), the court granted the parties' joint motion to set a briefing schedule. See [D.E. 59].

The government moves to dismiss Denton's motion [D.E. 60] and filed a memorandum in support [D.E. 61]. Denton did not respond in opposition, and the time within which to do so has expired. As explained below, the court lifts the stay, grants the government's motion to dismiss, dismisses Denton's section 2255 motion, and denies a certificate of appealability.

I.

On October 3 and 7, 2016, Denton broke into two residences in Elm City, North Carolina, and stole numerous items, including a loaded .38-caliber revolver and a 9mm Glock and

ammunition, which he later traded for heroin. See [D.E. 1, 22]; PSR [D.E. 27] ¶¶ 6–8. On May 10, 2017, the government charged Denton in a four-count indictment with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (counts one and three) and two counts of possession of stolen firearms in violation of 18 U.S.C. § 922(j) (counts two and four). See [D.E. 1]; PSR ¶¶ 1–2. On September 11, 2017, pursuant to a written plea agreement, Denton pleaded guilty to count one of the indictment, agreed to make restitution to both victims, and the government agreed to dismiss the remaining counts of the indictment at sentencing. See [D.E. 22]; PSR ¶ 3.

On March 21, 2018, the court held Denton's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 35, 36]; Sentencing Tr. [D.E. 43] 4. Denton objected to the PSR's determination that Denton qualified for an enhanced sentence as an armed career criminal based on his seven North Carolina convictions for breaking and entering and preserved that issue for appeal. See Sentencing Tr. at 4–5; PSR ¶ 96. The court calculated Denton's total offense level to be 30, his criminal history category to be VI, and his advisory guideline range to be 180 to 210 months' imprisonment. See Sentencing Tr. at 5. After the court granted the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Denton to 144 months' imprisonment. See [D.E. 34]; [D.E. 36]; Sentencing Tr. at 12–14. Denton appealed his classification as an armed career criminal [D.E. 38]. On July 2, 2019, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Denton, 773 F. App'x 134 (4th Cir. 2019) (per curiam) (unpublished).

Denton argues that his guilty plea is invalid due to Rehaif v. United States, 139 S. Ct. 2191 (2019), because the court "accepted it without advising [him] of the element requiring knowledge of his prohibited status under § 922(g)." Mem. Supp. 2255 Mot. [D.E. 51] 2; see [D.E. 50] 4. The

2

government disagrees and asks the court to dismiss the motion as procedurally defaulted, or alternatively for failure to state a claim. See Mem. Supp. Mot. Dismiss [D.E. 61] 1–2.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

On direct appeal, Denton failed to raise any claim concerning the sufficiency of the allegations in the indictment or the evidence presented to sustain his conviction. Thus, the general rule of procedural default bars Denton from presenting this claim under section 2255. See, e.g., Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253

3

(4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Denton has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error. See Greer, 141 S. Ct. at 2097–98; United States v. Parks, 857 F. App'x 775, 776 (4th Cir. 2021) (per curiam) (unpublished); United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021); see, e.g., Bousley, 523 U.S. at 622–24; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the court dismisses Denton's claim. Alternatively, the claim fails. See Greer, 141 S. Ct. at 2097–98; PSR ¶¶ 16–25, 30–31, 33, 41, 43–45; Sentencing Tr. at 10.

After reviewing the claim presented in Denton's motion, the court finds that reasonable jurists would not find the court's treatment of Denton's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court lifts the stay [D.E. 56], GRANTS the government's motion to dismiss [D.E. 60], DISMISSES Denton's section 2255 motion [D.E. 50], and DENIES a certificate of appealability.

SO ORDERED. This 4 day of February, 2022.

JAMES C. DEVER III
United States District Judge